# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| SAMUEL A. BARON AS SUCCESSOR IN<br>IN INTEREST FOR MELISSA BLACKBURN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:08cv0326 |
| | ) | |
| CITIGROUP INC., | ) | Judge Thomas A. Wiseman, Jr. |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the Court is Defendant Citigroup Inc.'s Motion to Dismiss (Doc. No. 4), which is supported by a memorandum of law (Doc. No. 5). Citigroup submits that Plaintiff Samuel A. Baron's complaint fails to state a claim upon which relief can be granted and, therefore, this matter should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). On the grounds set forth below, the Court agrees that the matter must be dismissed.

## I.     STANDARD OF REVIEW

On a motion to dismiss, courts in this circuit "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' " *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1974 (2007)). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *McGee v. Schoolcraft Cmty. Coll.*, 167 Fed. Appx. 429, 433 (6th Cir. 2006) (quoting *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (ellipsis in original). Pleading standards require that the plaintiff provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65 (citations omitted); *see* Fed. R. Civ. P. 8(a) (directing that a valid complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought"). In this exercise, "the Court primarily considers the allegations in the complaint, although matters of public record, orders, items

appearing in the record of the case, and exhibits attached to the complaint also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (citation omitted); *see also* Fed. R. Civ. P. 10 ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On January 18, 1996, Melissa Blackburn,[1] for the law firm Mangum & Kurtz ("Mangum"), entered into an agreement with Associates Financial Services Company, Inc. ("Associates") relating to the performance of legal services.    (Doc. No. 12-1.)[2]    The agreement authorized Mangum to assist Associates in closing loans, to furnish routine legal advice to Associates, and to handle collection litigation, foreclosures, and bankruptcies for Associates.  (*Id.* at 2.)  The agreement was "intended to be in addition to" Mangum's "retention agreements" with Associates' groups and sub-groups.  (*Id.* at 1.)

Plaintiff Baron's relevant factual allegations are as follows.  On November 30, 2000, Defendant Citigroup acquired Associates' parent company, Associates First Capital Corporation.  (Compl., Doc. No. 1-1, at ¶ 4.)  Blackburn, as a licensed attorney, "provided legal services and obtained judgments against visa card holders and for other consumer debt for $575,694.64."  (*Id.* ¶ 12.)  At some point Blackburn retired; Baron succeeded to Blackburn's law practice and became Blackburn's successor in interest.  On April 23, 2005, Baron, a licensed attorney with a business address in Nashville, Tennessee, advised Citigroup that he was Blackburn's successor and offered his legal services in place of Blackburn's. Citigroup instructed Baron to cease collection of the judgments gained by Blackburn and allegedly refused to pay for Blackburn's legal fees.

On February 14, 2008, Baron filed the Complaint against Citigroup in the Chancery Court for Davidson County, Tennessee, alleging breach of contract and unjust enrichment.  After being served, Citigroup timely removed the case pursuant to this court's diversity jurisdiction.

---

[1]        Melissa Blackburn, according to Plaintiff, is also known as Melissa Kurtz, (Doc. No. 1-1, Original Complaint ("Compl."), at 1), which is the name signed on the referenced agreement.

[2]        The agreement between Blackburn and Associates was not attached to the Complaint. However, it was referenced in the complaint as "Exhibit A"; it serves as the basis of Plaintiff's claims; and Defendant referred to it in its memorandum.  Accordingly, the Court may consider the agreement in this decision without converting Defendant's motion to dismiss into one for summary judgment, *see Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997), even though it was not included in this Court's record until Citigroup filed a copy of it, at the Court's request, on June 30, 2008.  (*See* Doc. No. 12-1.)

III.    **ANALYSIS**

Citigroup offers three separate arguments in support of its motion: (1) that it is not an appropriate party to this action; (2) that Baron lacks standing in this matter; and (3) that Baron's allegations lack the substance to support his claims. Because, as discussed below, the Court finds that Citigroup Inc. is not the appropriate defendant here, the Court does not reach its other two arguments.

A.    **Plaintiff Has Not Alleged Facts to Justify Piercing the Corporate Veil.**

In his response to this motion, Baron asserts that Defendant Citigroup is the proper defendant to this cause of action, in which Baron's claims are based on an agreement with Citigroup's supposed subsidiary, Associates, because Citigroup exercised "dominion and control" over the judgments allegedly obtained by Blackburn for Associates. (Doc. No. 6 at 7.) In fact, in Tennessee corporate parental liability requires that a parent company's "dominion" of the subsidiary be "complete," and that this "complete dominion" be "not only of finances, but of policy and business practice in respect to the transaction under attack, so that the corporate entity, as to that transaction, had no separate mind, will or existence of its own." *Cont'l Bankers Life Ins. Co. of the S. v. Bank of Alamo*, 578 S.W.2d 625, 632 (Tenn. 1979), *cited with approval in Se. Tex. Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 673-75 (6th Cir. 2006). Additionally, "[s]uch control must have been used to commit fraud or wrong, to perpetuate the violation of a statutory or other positive legal duty, or a dishonest and unjust act in contravention of third parties' rights." *Id.* "[T]he theory is designed to disregard a sham corporation and to impose liability on the corporate owners, who are controlling the corporation for their own benefit." *Foster Wheeler Energy Corp. v. Metro. Knox Solid Waste Auth., Inc.*, 970 F.2d 199, 203 (6th Cir. 1992).

Baron has made no allegations of fraud by Citigroup in his complaint (or in any other document submitted to the Court). Instead, to support Citigroup's liability in this matter, Baron relies only on Citigroup's alleged acquisition of Associates' parent company and Citigroup's alleged subsequent exercise of control over the judgments Blackburn obtained. Regardless of whether Baron's allegations amount to the "complete dominion" required, Baron, to be sure, does not allege in any manner that Associates, or its immediate parent company, is a "sham" corporation or that Citigroup's alleged control of Associates is fraudulent. Thus, even assuming Associates breached the agreement with Mangum and that Baron has standing to bring this action, Baron has not alleged facts which, if true, would be sufficient

to warrant holding Citigroup liable for that breach.  Likewise, if Associates was unjustly enriched by Blackburn's services, Baron has not established that Citigroup is liable for the potential inequity.

It is Baron's burden to establish Citigroup's corporate parental liability, *Prime Hospitality*, 462 F.3d at 675, and he has not carried it.  Therefore, since Baron points to no other theory that would establish Citigroup as a proper party, his complaint must be dismissed in its entirety.  *See Prime Hospitality*, 462 F.3d at 682 (affirming a district court's decision to grant the defendant's 12(b)(6) motion based on the plaintiff's failure to "pierce the corporate veil").

### IV.    CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss (Doc. No. 4)  will be granted.  An appropriate Order will enter.


Thomas A. Wiseman, Jr.
Senior U.S. District Judge